## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

RACHEL HISKES, et als
Plaintiffs

Vs.

CIVIL No. 10-2246 (JAG)

JOSÉ FIGUEROA-SANCHA, et als
Defendants

## PARTIAL MOTION TO DISMISS PURSUANT TO FEDERAL
## RULE OF CIVIL PROCEDURE 12(B)(6)

TO THE HONORABLE JAY A. GARCÍA-GREGORY
UNITED STATES DISTRICT JUDGE

**COME NOW** codefendants **José E. Figueroa-Sancha, José A. Rosa-Carrasquillo**[1], **Héctor Figueroa-Torre**, and through the undersigned attorney very respectfully **STATE** and **PRAY** as follows:

### I.    INTRODUCTION

The instant complaint was filed by Plaintiffs Rachel Hiskes ("Hiskes") and Omar Silva-Meléndez ("Silva") on December 20, 2010 (*See* **Docket No. 1**). According to the complaint this is an action for damages brought pursuant to 42 U.S.C. § 1983 and 1988, and the First, Fourth, Fifth, and/or Fourth Amendments to the Constitution of the United States, as well as under the Constitution and laws of Puerto Rico due to alleged violence against Hiskes and Silva during a police riot which took place near the Capitol building in Puerto Rico on June 30, 2010 (*See* **Docket No. 1, p. 2 ¶ 1.1**). The named defendants in this case are José Figueroa-Sancha ("Figueroa-

---

[1] The undersigned attorney appears on behalf of José A. Rosa-Carrasquillo only for the purpose of this Motion to Dismiss, and cannot appear as said codefendant's attorneys of record until the Department of Justice grants him the Law 9 benefits, pursuant to Law No. 104 of June 29 of 1955, as amended by Law No. 9 of November 26, 1977, and Law No. 12 of July 21, 1977, Title 32 Laws of Puerto Rico Annotated § 3085-3092, ("Law No. 9").

Rachel Hiskes, et als. v. José Figueroa-Sancha, et als.
Civil No. 10-2246 (JAG)
Partial Motion to Dismiss Pursuant to Fed. Rule of Civ. Proc. 12(b)(6)

Sancha"), Superintendent of the Puerto Rico Police Department ("PRPD"); José Rosa-Carrasquillo ("Rosa"), former Associate Superintendent of the PRPD; Miguel Mejías-Cruz ("Mejías"), former Commander of the PRPD San Juan Region; Héctor Figueroa-Torres ("Figueroa-Torres"), former Director of the Tactical Operations Division for the San Juan Region; and José Rohena-Rosa, an employee at the Superintendence of the Capitol Building.

Both Plaintiffs allege that they have suffered grave injuries as a result of an action by agents of the PRPD, sponsored, planned, and executed by defendants Figueroa-Sancha, Rosa, Mejías, and Figueroa-Torres, in order to repress First Amendment activities through the use of excessive force by police officers (*See* **Docket No. 1, p. 2 ¶ 1.2**). Hiskes alleges that she was also directly injured by Rohena, who participated in the refusal to allow her to exercise fundamental First Amendment rights and also took it upon himself to commit acts of aggression against her when she was attempting to exercise her right to observe legislative proceedings and to report upon the same (*See* **Docket No. 1, p. 2-3 ¶ 1.3**).

On June 30, 2010, Hiskes, along with other so-called "journalists" from alternative media arrived at the Capitol Building to observe the last day of the Senate's legislative session and report from therein (*See* **Docket No. 1, p. 14 ¶ 7.3-7.4**). Hiskes entered the building and was prohibited access to the Senate chamber (*See* **Docket No. 1, p. 14-15 ¶ 7.6 and 7.9**). Subsequently, a group of PRPD officers arrived and proceeded to strike Hiskes and other visitors to the building (*See* **Docket No. 1, p. 16 ¶ 7.16**). Ironically enough, in response to the denial of access to the Senate's chamber and not because she was struck by PRPD officers, Hiskes and other individuals sat down in the hallway (*See* **Docket No. 1, p. 16 ¶ 7.17**). PRPD officers responded by striking and pushing Hiskes and other individuals while they were seated in the hallway (*See* **Docket No. 1, p. 16-17 ¶ 7.18**).

Hiskes also alleges that Rohena proceeded to spray a noxious gas, either pepper spray or something similar at the visitors (*See* **Docket No. 1, p. 17 ¶ 7.19**). Hiskes felt the effects of the

Rachel Hiskes, et als. v. José Figueroa-Sancha, et als.
Civil No. 10-2246 (JAG)
Partial Motion to Dismiss Pursuant to Fed. Rule of Civ. Proc. 12(b)(6)

noxious agent, making it virtually impossible for her to see and when she tried to get up from the floor, she was assaulted by a PRPD officer (*See* **Docket No. 1, p. 17 ¶ 7.24**). This unnamed officer continued to push Hiskes towards the door, hitting her repeatedly with his baton until she was thrown down the stair of the Capitol building (*See* **Docket No. 1, p. 18 ¶ 7.26-7.27**).

Plaintiff Silva alleges that he joined the demonstrators in the late afternoon hours and when he tried to assist one of the citizens that had been allegedly assaulted by PRPD officers; he was hit in the forehead by a canister thrown by a PRPD officer (*See* **Docket No. 1, p. 23-24 ¶ 7.66-&.67**). The canister fell to the ground in front of him, continuing to spray noxious gas in his direction (*See* **Docket No. 1, p. 24 ¶ 7.68**). The impact to his forehead provoked second degree burns and required several stitches under local anesthesia (*See* **Docket No. 1, p. 24-25 ¶ 7.75**).

As a result of the events alleged in the complaint, Hiskes endured extreme pain and bruising to several parts of her body, was stricken with cry spells and significant sleep disturbance, difficulty resuming her ordinary activities, feeling extremely distressed and depressed. (*See* **Docket No. 1, p. 32-33 ¶ 9.1**). Silva suffered a severe injury to his forehead, which resulted in a second degree burn and several stitches. Silva required medical treatment where he was taken in emotional and physical distress, affected both by the pain, burning and by his inability to comply with the planned tour of the musical group of Cultura Profetica, which he is a part of (*See* **Docket No. 1, p. 33 ¶ 9.2**).

As to codefendants Figueroa-Sancha, Rosa, Mejías, and Figueroa-Torres, Plaintiffs conclusorilly allege that they participated in the planning of the police riot which led to their injuries; planned and/or observed illegal actions on the part of the PRPD officers on the scene, including unprovoked assaults, the use of noxious chemical agents to disperse protesters, the spraying of such chemical agents from low-flying helicopters, the use of the mounted unit, police actions which forced protesters to run into oncoming traffic endangering their lives, improper use of police batons to the heads and bodies of citizens, and the covering up of the identity of the offenders (*See*

Rachel Hiskes, et als. v. José Figueroa-Sancha, et als.
Civil No. 10-2246 (JAG)
Partial Motion to Dismiss Pursuant to Fed. Rule of Civ. Proc. 12(b)(6)

**Docket No. 1, p. 34-35 ¶ 9.6**). Plaintiffs further allege that these defendants failed to take any actions to prevent these violations, and through their public statements, their participation in the planning of the police riot and/or their instructions to officers, actually encouraged, promoted and caused the alleged unlawful acts. *Id.*

According to Plaintiffs, the actions and omissions described in the complaint constitute an use of excessive force, a seizure of plaintiffs, a violation of substantive due process, and violation of plaintiffs' First Amendment rights and corresponding rights under the Puerto Rico Constitution comprehended in the concepts of Freedom of the Press, Freedom of Speech, and the right to peacefully protest government action (*See* **Docket No. 1, p. 38-39 ¶ 9.23**).

The appearing codefendants submit that Plaintiffs have failed to state a claim upon which relief can be granted under the Fifth and Fourteenth Amendments to the Constitution of the United States since they are not supported by adequate factual allegations.

Therefore, it will be established as a matter of law the following:

1. Failure to state a cause of action under the First, Fifth, and Fourteenth Amendments to the Constitution of the United States.

For the reasons that will be explained herein, the appearing codefendants very respectfully pray this Honorable Court to **DISMISS WITH PREJUDICE** the claims set forth herein against them.

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to assert the defense of failure to state a claim upon which relief can be granted, before pleading, if a responsive pleading is allowed. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See* Brown v. Hot, Sexy and Safer Products, Inc., 68 F.3d 252, 530 (1st Cir. 1995). The Court accepts all well pleaded-factual allegations as true, and indulges all reasonable inferences in Plaintiff's favor. *See* Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir.

Rachel Hiskes, et als. v. José Figueroa-Sancha, et als.
Civil No. 10-2246 (JAG)
Partial Motion to Dismiss Pursuant to Fed. Rule of Civ. Proc. 12(b)(6)

2006). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *See* Aulson v. Blanchard, 83 F3d 1, 3 (1st Cir. 1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *See* McCoy v. Massachusetts Institute of Technology, 950 F2d 13, 22 (1st Cir. 1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. Id., at 23. Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under actionable theory." *See* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir 1988). A complaint is properly dismissed for failure to state a claim "only if the facts lend themselves to no viable theories of recovery." *See* Luc v. Wyndham Management Corp., 496 F3d 85, 88 (1st Cir. 2007).

The Supreme Court recently clarified the law with respect to a plaintiff's pleading requirement in order to survive a Rule 12(b)(6) motion. To survive a motion to dismiss for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id., at 1964-65. The Supreme Court further explained that the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true". Id. at 1965. Subsequently, the Supreme Court reiterated that "[s]pecific facts are not necessary; the statements need only 'give the defendants fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (*quoting* Twombly, 127 S.Ct. at 1964). In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in

Rachel Hiskes, et als. v. José Figueroa-Sancha, et als.
Civil No. 10-2246 (JAG)
Partial Motion to Dismiss Pursuant to Fed. Rule of Civ. Proc. 12(b)(6)

the plaintiff's favor. <u>Parker v. Hurley</u>, 514 F.3d 87, 90 (1st Cir.  2008).

Under <u>Bell Atlantic</u>, the factual allegations which are assumed to be true must do more than create speculation or suspicion of a legally cognizable cause of action; they must demonstrate the plausibility of entitlement to relief. <u>Bell Atlantic</u>, 550 U.S. at 555, 557. *Accord*, <u>Sanchéz v. Pereira-Castillo</u>, 590 F.3d 31, 41 (1st Cir. 2009); and <u>MVM Inc. v. Rodríguez</u>, 568 F. Supp. 2d 158, 167 (D.P.R. 2008). The Supreme Court further observed in <u>Bell Atlantic</u> that Federal Rule of Civil Procedure 8(a)(2) does require a "showing" that a plaintiff is entitled to relief and that this substantive threshold is not achieved by "blanket assertion[s]." 550 U.S. at 556, n. 3.

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id</u>. (*citing* <u>Bell Atlantic</u>, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -but it has not 'show[n]'- 'that the pleader is entitled to relief.'" <u>Ashcroft</u>, 129 S. Ct. at 1950 (*quoting* Fed.R.Civ.P. 8(a)(2)).

As a result, when analyzing a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) this Honorable Court must conduct its analysis by first identifying the allegations of the complaint that are no more than legal conclusions and then zero in on the well-pleaded nonconclusory factual allegations to determine whether they, by themselves, plausibly give rise to an entitlement to relief. <u>Penalbert-Rosa v. Fortuño-Burset</u>, 692 F.Supp.2d 206, 209 (D.P.R. 2010). This means that the Court must analyze if plaintiffs' federal claims move "across the line from conceivable to plausible." <u>Id</u>.; *citing* <u>Bell Atlantic</u>, 550 US at 555.

### III.    APPLICABLE LAW AND ANALYSIS

### A.  PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER 42 USC § 1983.

Plaintiffs' claims against the appearing codefendants should be dismissed for failing to

Rachel Hiskes, et als. v. José Figueroa-Sancha, et als.
Civil No. 10-2246 (JAG)
Partial Motion to Dismiss Pursuant to Fed. Rule of Civ. Proc. 12(b)(6)

state a claim under which relief can be granted.

 The substantive cause of action to claim damages and declaratory relief against individuals and governmental bodies who deprive a plaintiff of rights, privileges or immunities "secured by the Constitution and laws" arises from Section 1983. This disposition "provides a remedy for deprivation of rights secured by the Constitution and laws of the United States when that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage, of any State […].'" Lugar v. Edmondson Oil Co., 457 US 922, 924 (1982) (*quoting* 42 USC § 1983)[2].

### 1.  Failure to state a claim under the Fifth Amendment

 In the instant case, there is no causal connection between Defendants' conduct and any allegation of a Fifth Amendment or "federal" due process violation. None of the facts alleged in the Complaint against Defendants would constitute a due process violation against them. The Fifth Amendment Due Process Clause, however, applies "only to actions of the federal government-not to those of state or local governments." Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001); *see also* Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996)( "[T]he Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government as in the present case."); cf. Dusenbery v. United States, 534 U.S. 161, 167, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002).

 Because the Plaintiffs do not allege that any of the Defendants are federal actors, any Fifth Amendment claim must be properly dismissed. *See* Martínez-Rivera v. Sánchez-Ramos, 498 F.3d 3, 8-9 (1st Cir. 2007).

 As a result, it is clear that the Fifth Amendment claims made by the Plaintiffs should be **DISMISSED WITH PREJUDICE**.

### 2.  Failure to state a substantive due process claim under the Fourteenth Amendment

---

[2] Since 42 U.S.C. § 1983 is the appropriate vehicle to bring claims for violations of constitutional rights, we must keep in mind that it is well-settled that in order for a claim to be cognizable under section 1983, a plaintiff must plead and prove three elements: (1) that the defendants acted under color of state law; (2) that plaintiffs were deprived of federally protected rights, privileges or immunities; and (3) that the defendants' alleged conduct was causally connected to the plaintiff's deprivation. Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 558 (1st Cir. 1989).

Rachel Hiskes, et als. v. José Figueroa-Sancha, et als.
Civil No. 10-2246 (JAG)
Partial Motion to Dismiss Pursuant to Fed. Rule of Civ. Proc. 12(b)(6)

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that certain substantive rights-life, liberty, and property-"cannot be deprived except pursuant to constitutionally adequate procedures." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). "Due process claims may take either of two forms: 'procedural due process' or 'substantive due process.' " Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir. 1991).

The Supreme Court has held that "not all actions of state officials that result in a loss of life, liberty or property are 'deprivations' within the meaning of the Fourteenth Amendment." Germany v. Vance, 868 F.2d 9, 17 (1st Cir. 1989). Moreover, "because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically-intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Similarly, alleged deprivation of substantive due process rights under the Fourteenth Amendment based on excessive force or on malicious prosecution have been rejected in this Circuit. Estate of Bennett v. Wainwright, 548 F.3d 155 (1st Cir. 2008). To establish a substantive due process claim, a plaintiff must show that "a state actor deprived him or her of a life, liberty, or property interest, 'and that he did so through conscience-shocking behavior.'" Cruz Acevedo v. Toledo-Dávila, 660 F.Supp.2d 205, 215 (D.P.R. 2009). To be actionable, a Section 1983 claim based on substantive due process deprivation must allege "conscience-shocking" conduct by defendants. Martinez v. Cui, 608 F.3d 54, 65 (1st Cir. 2010). "Only conscience-shocking behavior can be sufficiently arbitrary and egregious to be of constitutional significance." Id. It is well settled that substantive due process claims are not favored, "Substantive due process, as a theory for constitutional redress, has in the past fifty years been disfavored, in part because of its virtually standardless reach." Colón Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 41-42 (1st Cir. 1992). Accord Licari v. Ferruzzi, 22 F.3d 344, 350 (1st

Rachel Hiskes, et als. v. José Figueroa-Sancha, et als.
Civil No. 10-2246 (JAG)
Partial Motion to Dismiss Pursuant to Fed. Rule of Civ. Proc. 12(b)(6)

Cir. 1994).

It appears that Plaintiffs' substantive due process claims are grounded upon the same events for which they are claiming redress under the Fourth Amendment for use of unreasonable excessive force. The First Circuit, following the Supreme Court's holding in Graham, has rejected alleged deprivations of substantive due process rights based on excessive force. *See* Estate of Bennett v. Wainwright, 548 F.3d at 163 ("[T]his is in essence an excessive force claim that should be-and is-brought under the Fourth Amendment."); Torres-Rivera v. O'Neill-Cancel, 406 F.3d 43, 51-53 (1st Cir.2005) (holding that an excessive force claim is governed by the Fourth Amendment's "objectively reasonable" standard rather than the Fourteenth Amendment's "shock the conscience" standard); *see also* Brenes-LaRoche v. Toledo-Dávila, 682 F.Supp.2d 179, 190 (D.P.R. 2010) (dismissing Plaintiff's substantive due process claims where there had been a confrontation between tactical operations officers of the PRPD and protesters and there was an available claim under the Fourth Amendment); Colon-Andino v. Toledo-Dávila, 634 F.Supp.2d 220, 236 (D.P.R. 2009) (United States District of Puerto Rico case dismissing the plaintiff's due process claim appropriately controlled by the Fourth Amendment). As an alternative constitutional claim is available here under the Fourth Amendment, Plaintiff's substantive due process claim cannot advance. *See* Estate of Bennett, 548 F.3d at 163 (*citing* Coyne v. Cronin, 386 F.3d 280, 287 (1st Cir. 2004); Pagan v. Calderon, 448 F.3d 16, 34 (1st Cir. 2006)).

In light of the aforementioned case law the fact that Plaintiffs have not alleged that a deprivation of a protected interest in life, liberty, or property took place, and have set forth an unreasonable use of excessive force under the Fourth Amendment to the Constitution of the United States, the substantive due process claims must be **DISMISSED WITH PREJUDICE**.

## IV.   CONCLUSION AND PRAYER

**WHEREFORE** the appearing codefendants very respectfully request from this Honorable Court to **GRANT** the instant motion and **DISMISSS WITH PREJUDICE** Plaintiffs' claims under the

Rachel Hiskes, et als. v. José Figueroa-Sancha, et als.
Civil No. 10-2246 (JAG)
Partial Motion to Dismiss Pursuant to Fed. Rule of Civ. Proc. 12(b)(6)

Fifth and Fourteenth Amendments to the Constitution of the United States along with any other relief it may deem proper.

I HEREBY CERTIFY that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all attorneys of record.

Respectfully Submitted

In Ponce, Puerto Rico, this 14th day of February, 2011.

GUILLERMO A. SOMOZA-COLOMBANI
Secretary of Justice

GRISEL SANTIAGO-CALDERÓN
Deputy Secretary of Justice
In Charge of Litigation

WANDYMAR BURGOS-VARGAS
U.S.D.C.-PR Bar No. 223502
Acting Director of Legal Affairs
Office of General Litigation
Federal Litigation Division
wburgos@justicia.gobierno.pr

S//Christian E. Pagán-Cordoliani

CHRISTIAN E. PAGÁN-CORDOLIANI
U.S.D.C.-P.R. Bar No. 226111
Attorney
Office of General Litigation
Federal Litigation Division

DEPARTMENT OF JUSTICE
OF THE COMMONWEALTH OF PUERTO RICO
P.O. Box 9020192
San Juan, PR  00902-0192
Tel. (787) 721-2900/5636 Exts. 2635, 2641
Fax. (787) 723-9188
cpagan@justicia.gobierno.pr
cpagan2@gmail.com