## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Rachel Hiskes** and **Omar Silva-Meléndez**<br>     Plaintiffs | |
| v. | Civ. No. 10-2246 JAG |
| **José Figueroa Sancha**, et al.<br>     Defendants | |

### JOINT INFORMATIVE MOTION
### ON DISCOVERY AND SUGGESTED SCHEDULE OF LITIGATION EVENTS

**TO THE HONORABLE COURT:**

**NOW COME THE PLAINTIFFS AND THE DEFENDANTS**, through their respective attorneys, and respectfully present Informative Motion reqarding the state of discovery in this case and the parties' suggestions for the scheduling. Although no Case Management Schedule has yet issued in this case, the parties have agreed to inform the court of the progress in the litigation to date and of the agreements they have made with respect to discovery and related matters.

1. This case concens injuries alleged to have occurred during a confrontation between officers of the Puerto Rico Police Department (PRPD) and protesters at the Capitol Building in Puerto Rico on June 30, 2010.

2. Plaintiffs sued several supervisory officers of the PRPD, as well as an employee or contractor of the Legislature. They also included in their complaint "John Doe" defendants, referring to officers on the scene who they allege directly injured them and additional PRPD supervisors. 3. The defendants have not yet answered the complaint, as there is a partial Motion to Dismiss which is pending resolution at this time. *See, Partial Motion to Dismiss, Docket #9, and Response in Opposition, Docket #10; Motion for Joinder to Motion to Dismiss, Docket #11, and Response in Opposition to Motion for Joinder, Docket #12.*

4. Nonetheless, the parties have commenced discovery. A Rule 26 meeting was held in late March of this year, and initial Rule 26 disclosures were exchanged. Plaintiffs have submitted

interrogatories to all of the defendants, and it is expected that answers will be provided shortly. Plaintiffs have also cited an extensive document production from the PRPD, and defense counsel, along with another attorney from the Puerto Rico Justice Department, have committed themselve to assisting in assuring that adequate responses are provided. *See, Motion to Compel, Docket #20.*

5.  In a Joint Rule 26 report presented on April 8, 2008, the parties informed the court of the results of their Rule 26 meeting.  *See, Joint Report, Docket #14.*  The parties also informed the court that discovery would be needed *inter alia* on the following subjects: (1) the identity of the officers; (2) the planning for the June 30th incident; (3) rules related to access to the capitol; (4) training and supervision and discipline related to the defendants and the officers on the scene; (5) policies and procedures of both the legislature and the police departments involved; (6) public statements on the incidents made by any of the parties; (7) the actions of the plaintiffs on June 30, 2010; (8) alleged damages of the plaintiffs; (9) opinions of experts in police procedures and administration; and (10) any matters related to any affirmative defenses raised by the defendants (which are unknown at this time, since their Motions to Dismiss are pending).  *See, Docket #14.*

6.  In their Joint Rule 26 Report, the parties also suggested a schedule for certain litigation events which, unfortunately, has proved to be unrealistic.

7.  Although the parties were indeed able to make Rule 26 disclosures and exchanges in a timely fashion, discovery has not proceeded as quickly as expected.  For example, a document production by the PRPD scheduled for earlier this week still has not been completed, and a police videographer failed to appear for his deposition.  *See, Motion to Compel, Docket #20.*

8.  Initial discovery aimed at determining the identity of police officers on the scene has been stymied by the lack of information to date from the PRPD.  On the other hand,  defendants' Rule 26 disclosures have revealed that unbeknownst to plaintiffs, other police units beyond those identified in

2

the complaint were present at the scene on June 30th, 2010, which means that there may be a need to further amend the complaint to include additional supervisory personnel.  All this, however, depends on the completion of the initial round of document productions and deposition discovery.

9.  In addition, the Puerto Rico Justice Department recently changed the attorney within the department with principal responsibility for this case.  The new attorney, undersigned counsel Idza Díaz, has met with plaintiffs' counsel and has indicated that due to previous commitments, it would be extraordinarily difficult for her to do any deposition discovery during the month of July. Undersigned counsel Berkan also will be on vacation the final two weeks of July.

10.  On June 21, 2011, undersigned attorneys Díaz and Berkan met at the office of Berkan/Méndez.  At that time, they agreed that the parties would set aside the following dates for depositions during the month of August 2011: August 11th, August 18th, August 24th and August 31st. Although the identity of each deponent was not made at that time, it was agreed that one of these dates would be reserved for Agent Roberto Figueroa, who had been cited to appear on June 21st, but who had failed to do so.  *See, Motion to Compel, Docket #20.*

11.  Given the particularities of this litigation, including *inter alia* the fact that the pleadings have not yet been closed, the possibility that additional parties will be joined, and the difficulties inherent in obtaining information from the PRPD, the parties have agreed that the imposition of an arbitrary deadline for discovery would not be useful in this case.  Rather, the parties propose that they be required to file a joint report with the court every 90 days, informing the court of the status of discovery and the pleadings issue, and proposing deadlines for discovery and dispositive motions if appropriate.[1]

---

[1]In their Rule 26 Report, the parties suggested to the court that "a mid-summer conference before the court would be of assistance in further planning with respect to this case."  In light of the scheduling issues discussed above, it is respectfully submitted that such a conference with the court, if the court deems it to be appropriate, should be held after August 1, 2011.

WHEREFORE, the parties respectfully present this joint information motion, informing the court of the status of this case, of the procedural events noted above and of their suggestions with respect to deadlines in this case.

Respectfully submitted this 23rd day of June, 2011.

*Attorneys for Plaintiffs*

**Berkan/Mendez**
Calle O'Neill G-11,
San Juan, Puerto Rico 00918-2301
Tel.: (787) 764-0814;
Fax.: (787)250-0986
bermen@prtc.net

BY:    **Judith Berkan**
**/s/Judith Berkan**
U.S.D.C. P.R. Bar 200803
berkanj@microjuris.com

*Attorneys for Defendants*

**GUILLERMO A. SOMOZA-COLOMBANI**
Secretary of Justice

**GRISEL SANTIAGO-CALDERON**
Deputy Secretary of Justice
In Charge of Litigation

**WANDYMAR BURGOS VARGAS**
U.S.D.C.-PR Bar No. 223502
Acting Director of Legal Affairs
Office of General Litigation
Federal Litigation Division
wburgos@justicia.gobierno.pr

**S//Idza Díaz**
**Idza Díaz**
U.S.D.C.-P.R. Bar No. 223404
Federal Litigation Division
**DEPARTMENT OF JUSTICE**
**OF THE COMMONWEALTH OF**
**PUERTO RICO**
P.O. Box 9020192
San Juan, PR 00902-0192
Tel. (787) 721-8010;
Fax. (787) 723-9188
idiaz@justicia.pr.gov
diazrivera74@gmail.com